**In re Dexter Dean SMITH, Mary E. Smith, Debtors.**

No. 95–4117–SAC.
Bankruptcy No. 91–40809–12.

United States District Court,
D. Kansas.

April 12, 1996.

Dan E. Turner, Phillip L. Turner, Turner & Turner, Topeka, KS; for Debtors.

B. Keith Kocher, Shaw, Hergenreter, Quarnstrom, Kocher & Butler, L.L.P., Topeka, KS, for appellee Farm Credit Bank of Wichita.

Eric C. Rajala, Trustee, Overland Park, KS.

MEMORANDUM AND ORDER

CROW, District Judge.

The debtors, Dexter Dean Smith and Mary E. Smith ("Smiths") appeal the bankruptcy court's order of July 6, 1995, which granted the motion for relief from stay filed by Farm Credit Bank of Wichita ("Farm Credit"). The Smiths argue the bankruptcy court erred in relieving Farm Credit from the stay pursuant to the stipulation and agreement. According to the Smiths, Farm Credit repudiated this stipulation and agreement when it earlier obtained a pro rata distribution of the disposable income based upon the amount of its total unsecured claim before the stipulation and agreement. Thus, the issue presented by Smiths' appeal is whether the election of remedies doctrine bars Farm Credit from seeking and obtaining relief under the stipulation and agreement.

The principal dispute here is not over what occurred but its legal effect. The district court sits as an appellate court in this proceeding. *See* Bankruptcy Rule 8013. It conducts a de novo review of the bankruptcy court's legal conclusions. It does not disturb the bankruptcy court's factual findings unless

clearly erroneous.[1] *In re Robinson,* 987 F.2d 665, 667 (10th Cir.1993).

**FACTUAL BACKGROUND**

In 1986, Farm Credit brought a foreclosure action, but the Smiths were able to stay it with one or more bankruptcies. The Smith's latest bankruptcy is the Chapter 12 proceeding filed in 1991. Farm Credit filed a proof of claim totalling over $805,000.00.

In January of 1993, the Smiths and Farm Credit submitted to the bankruptcy court a stipulation and agreed order which the bankruptcy court signed and filed. By its terms, the Smiths were to pay Farm Credit $352,000.00 on its secured claim and $56,000.00 in complete satisfaction of its unsecured claim. At paragraph four, the stipulation and agreed order reads:

> 4. That in full and final satisfaction of FCB's [Farm Credit's] unsecured claim against the Debtors [the Smiths], the Debtors shall pay FCB the total sum of $56,000.00, payable in annual installments of $14,000.00, commencing on the 1st of August, 1992, and on the same date thereafter until paid in full. That no interest shall accrue on said amount unless any of said installments are not timely made, in which case each delinquent installment shall accrue interest at the rate of 14% per annum until each such delinquent installment is paid in full. That FCB is entitled to and hereby granted a judgment against the Debtors in said amount, which judgment shall not be executed upon so long as said payments are timely made.

(Bkcy.Dk. 131 at 3–4). The bankruptcy court confirmed the Smith's Chapter 12 plan and, in the order of confirmation filed March 12, 1993, found that the "Stipulation and Agreed Order incorporated into Debtors' Plan shall remain in full force and effect." (Bkcy.Dk. 137 at 5).

When the Smiths failed to pay Farm Credit the $352,000.00 on its secured claim as required by the order of confirmation, Farm Credit was allowed to refile the foreclosure proceedings and to obtain judgment against the Smiths. The Smiths' real property mortgaged to Farm Credit was divided into four parcels and sold in execution upon Farm Credit's judgment. Farm Credit purchased three parcels, and a third party purchased the fourth parcel resulting in a net surplus of $15,569.71 in proceeds. The surplus proceeds were forwarded to the bankruptcy trustee and treated as "disposable income." At that time, the Smith's Chapter 12 bankruptcy had not been converted or dismissed, and the Smiths had not been discharged in the pending bankruptcy. The trustee filed a notice of intended payment with respect to this disposable income.

Over the Smiths' objection, the bankruptcy court found that Farm Credit was entitled to share pro rata in the disposable income with the other unsecured creditors. (Bkcy.Dk. 189 at 8). The trustee then moved the bankruptcy court for an order authorizing payment of the disposable income using a pro rata distribution based on Farm Credit having an unsecured claim of $399,321.10. (Bkcy.Dk.192). This figure represents the amount of Farm Credit's unsecured claim before the stipulation and agreed order. The Smiths objected again. This time they argued that Farm Credit's share of the distribution should be based on the $56,000.00 judgment on its unsecured claim found in the stipulation and agreed order. (Bkcy.Dk.196). Despite the Smiths' objection, the bankruptcy court authorized payment to the unsecured creditors per the pro rata distribution scheme submitted by the trustee.[2] (Bkcy.Dk.199). No appeal was taken from this order.

On April 21, 1995, Farm Credit filed a motion for relief from stay. (Bkcy.Dk.201). Farm Credit premised its motion on several undisputed facts. The order of confirmation and the stipulation and agreed order gave

1. A finding is clearly erroneous if it is unsupported by any facts of record or if the appellate court after reviewing all the evidence is left with the definite and firm belief that a mistake was made. *In re Davidovich,* 901 F.2d 1533, 1536 (10th Cir.1990).

2. The bankruptcy docket sheet shows that a hearing was held on the Smiths' objection. The record on appeal does not include a transcript of that hearing. The bankruptcy court's written order summarily directs the distribution in the manner proposed by the trustee.

Farm Credit a judgment in the amount of $56,000.00 on Farm Credit's unsecured claim and prevented Farm Credit from executing upon that judgment so long as the Smiths made timely installment payments. The Smiths had not paid any of the installments, and the only funds applied towards Farm Credit's judgment on the unsecured claim was the trustee's distribution of $13,411.13 in disposable income. Thus, Farm Credit asked the bankruptcy court for relief from the automatic stay so that it could proceed with executing upon the judgment as provided by the stipulation and agreed order.

The debtors objected to Farm Credit's request. Their objection rested on several alternative legal theories. By asserting and receiving its pro rata share of the disposable income based on its unsecured claim of $399,321.10, Farm Credit had elected its remedy, had waived its rights under the plan, and was otherwise barred by laches, estoppel and res judicata from asserting any right to relief from the automatic stay. (Bkcy.Dk.207). In response to this argument, Farm Credit maintained that there was no waiver of rights under the plan for it had applied the distributed disposable income towards the $56,000.00 judgment granted under the plan. The bankruptcy court's docket sheet shows that a hearing was held on the Farm Credit's motion for relief from the stay. There is no transcript of that hearing included in the record on appeal.

In an order filed July 14, 1995, the bankruptcy court granted Farm Credit's motion for relief from the stay. (Bkcy.Dk. 216). The bankruptcy court does not refer in the order to the debtors' objection or any of the issues raised by the debtors. Instead, the bankruptcy court simply refers to and enforces the relevant provisions from the order of confirmation and the stipulation and agreed order.[3] Specifically, the bankruptcy court found that the debtors had failed to pay Farm Credit, that Farm Credit had a judgment against the debtors, and that Farm Credit was entitled to relief from the stay to proceed in state court with the execution and collection of the judgment. It is this order from which the debtors appeal.

■ The debtors argue on appeal that Farm Credit took a position in its motion for relief from stay that was inconsistent with the position it took on the pro rata distribution of the disposable income. The debtors insist that Farm Credit repudiated the stipulation and agreed order when it received a pro rata distribution based on its unsecured claim of $399,321.10. Citing the general Kansas law on the doctrine of election of remedies, the debtors conclude that Farm Credit now is precluded from seeking relief from the stay pursuant to the terms of the stipulation and agreed order.

Farm Credit denies taking any inconsistent position and insists its consistent position throughout the relevant proceedings has been that the debtors owe Farm Credit $56,000.00 pursuant to the order of confirmation and the stipulation and agreed order. Farm Credit denies ever repudiating the terms of the stipulation and agreed order. Finally, Farm Credit disputes that the doctrine of election of remedies controls here.

■ The court finds no merit to the debtors' appeal. There is no factual basis for finding that Farm Credit repudiated the stipulation and agreed order. The debtors offer no legal basis for their argument that Farm Credit must rely on the agreed liquidated value of the estate when it comes to calculating the pro rata distribution of post-petition disposable income. Finally, assuming the doctrine of election of remedies does apply, the debtors fail to show that Farm Credit's earlier position, as a matter of law, is contrary or mutually repugnant to its later position. With respect to the debtors, Farm Credit always sought payment or satisfaction of the same judgment of $56,000.00 on its unsecured claim, nothing more and nothing less. There is no factual or legal basis for finding error with the bankruptcy court's ruling.

3. The debtors on appeal do not contend that the bankruptcy court failed to consider or rule upon their objection. The bankruptcy court impliedly denied the debtors' objection in granting Farm Credit's motion for relief from stay.

IT IS THEREFORE ORDERED that the bankruptcy court's order filed July 14, 1995, is affirmed.