**In re Esley Earl SCHMIDT, Mildred Ruth Schmidt, Debtors.**

**Esley Earl SCHMIDT, Mildred Ruth Schmidt, Appellants,**

**v.**

**William H. GRIFFIN, Trustee, and United States of American/IRS, Appellees.**

Bankruptcy No. 93–22424–13.

Civil Action No. 95–2143–GTV.

United States District Court, D. Kansas.

Nov. 24, 1997.

Esley E. Schmidt, Waverly, KS, Pro Se.

Mildred R. Schmidt, Waverly, KS, Pro Se.

Cortland E. Berry, K A P S, Topeka, KS, for Debtors.

William H. Griffin, trustee.

Christina L. Medeiros, Office of U.S. Attorney, Kansas City, KS, Virginia M. Navarrete, U.S. Dept. of Justice, Office of Special Litigation—Tax Division, Washington, DC, for U.S.

James J. Long, Office of Special Litigation—Tax Division, Washington, DC, for Internal Revenue Service.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court on an appeal from an order of the United States Bankruptcy Court for the District of Kansas granting the United States of America's motion to lift the automatic stay, *nunc pro tunc*, ruling that debtors were precluded from using any prejudgment credits to offset their tax liability, and dismissing the debtors' Chapter 13 case. For the reasons set forth below, the bankruptcy court's order is affirmed.

### I. Factual Background

The debtors filed a *pro se* petition for bankruptcy under Chapter 13 of the Bankruptcy Code on December 21, 1993—the day before the United States of America conducted a court-ordered judicial sale of debtors' real property. The government was not notified of debtors' filing until after the judicial sale. On January 5, 1994, debtors filed their schedules and plan, proposing to pay $100.00 per month to their creditors.

The government filed a motion to dismiss debtors' Chapter 13 petition or, alternatively, to lift the stay order *nunc pro tunc*. Shortly thereafter, the trustee filed a motion to dismiss the petition based on a lack of feasibility of the debtors' plan.

On March 10, 1994, the Internal Revenue Service filed a proof of claim showing a secured claim of $90,910.41, an unsecured priority claim of $63,000.00, and an unsecured nonpriority claim of $4,195.60. The government had received $65,000.00 from the December 22, 1993 judicial sale, but this amount had not been applied toward the debtors' delinquent taxes.

On March 16, 1994, the government filed its objection to debtors' Chapter 13 plan, contending that the plan was not feasible and had not been proposed in good faith. On April 6, 1994, the bankruptcy court sustained the motion of the government to lift the stay order *nunc pro tunc*, but overruled the government's motion to dismiss. The bankruptcy court reserved ruling on the trustee's motion to dismiss for lack of feasibility of the plan until the final IRS claim was determined

and the debtors could submit an amended plan.

After receiving debtors' tax returns for the years 1987 through 1993, the government filed another motion to dismiss claiming that the debtors owed a total tax liability of $158,-106.01. The government contended that the plan was not feasible because the plan payments of $100.00 per month would not pay the secured claim or the unsecured priority claim.

On June 3, 1994, debtors filed an objection to the allowance of the IRS claims. Debtors contended that the claims were fraudulent, exorbitant, and did not credit debtors for the property seized by the IRS. At a June 21, 1994 hearing, the bankruptcy court granted debtors permission to amend their plan and refused to grant either motion to dismiss at that time.

On July 1, 1994, the government filed a response to debtors' objection to the allowance of the government's claims. As a defense to debtors' objection, the government argued that debtors had previously challenged their 1978–1986 tax liabilities in the United States District Court for the District of Kansas and the United States Court of Appeals for the Tenth Circuit; therefore, *res judicata* barred relitigation of this issue.

At an August 3, 1994 hearing, debtors requested an accounting on the properties that were allegedly taken by the government prior to the October 6, 1992 judgment. The purpose of this requested accounting was to determine the actual amount owed by debtors. Once this amount was calculated, the bankruptcy court could determine the feasibility of debtors' Chapter 13 plan. At the time of the hearing, the government had not supplied the trustee or debtors with documents showing which property had been seized and whether the value of that property was credited toward debtors' tax liability. The government agreed to make this information available, and debtors agreed to provide the government with a list of properties for which they claimed to have not received credit.

On December 8, 1994, the bankruptcy court determined that debtors were preclud-ed from claiming any credit for property seized before the October 1992 judgment. In light of this ruling, the debtors could only claim credit for the $65,000.00 received from the December 22, 1993 judicial sale. The bankruptcy court set the case over for a confirmation hearing, and granted debtors an opportunity to amend their plan.

At the January 17, 1995 confirmation hearing, the court noted that the government contended that it possessed a secured claim of $25,910.41 and that debtors had not filed an amended plan. The court ruled that it would sustain the government's motion to dismiss and the trustee's motion to dismiss unless the case was converted with 10 days to Chapter 7. Debtors chose not to convert to Chapter 7, and this appeal followed.

### II. Standard of Review

■ In reviewing decisions of the bankruptcy court, the district court must accept the factual findings of the bankruptcy court unless they are clearly erroneous, but must review the bankruptcy court's legal conclusions *de novo*. *In re Robinson,* 987 F.2d 665, 669 (10th Cir.1993).

### III. Discussion

#### A. Bankruptcy Court's Order Lifting Stay Nunc Pro Tunc

■ Debtors' first issue on appeal is that the bankruptcy court erred in granting the government's motion to lift the automatic stay, *nunc pro tunc.* Bankruptcy court orders granting or denying relief from an automatic stay are appealable final orders. *Eddleman v. United States Dept. of Labor,* 923 F.2d 782, 784 (10th Cir.1991). Final orders must be appealed within ten days after entry. Fed. R. Bkrtcy. P. 8002(a); D. Kan. Rule 83.8.10. The bankruptcy court granted relief from the automatic stay in an order dated April 21, 1994; debtors filed their appeal over a year later on July 18, 1995. Accordingly, debtors' appeal of the bankruptcy court's April 21, 1994 order is dismissed as untimely.

#### B. Relitigation of Debtors 1978–1986 Tax Liability

■ Debtors' second issue on appeal is that the bankruptcy court erred in ruling

that debtors were barred by *res judicata* from litigating whether their 1978–1986 tax liabilities should be credited for the value of property seized by the government prior to October 6, 1992. "Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir.1992).

In an order dated July 29, 1992, this court granted summary judgment to the United States on the issue of debtors' total 1978–1986 tax liability. *See United States v. Schmidt*, No. 91–2117–V, 1992 WL 193654 (D.Kan. July 29, 1992). In response to the governments motion for summary judgment, debtors presented a variety of arguments challenging the government's attempts to reduce the outstanding tax assessments to judgment; however, they did not argue that they were entitled to credits for property allegedly seized by the government. Having granted summary judgment in favor of the government, this court entered final judgment against debtors in an order dated October 6, 1992. Debtors appealed to the Court of Appeals for the Tenth Circuit. In *United States v. Schmidt*, No. 92–3364, 1993 WL 425395 (10th Cir. Oct.19, 1993), the Court of Appeals affirmed this court's grant of summary of judgment in favor of the government.

The government argues that debtors are barred by *res judicata* because debtors had the opportunity to litigate the issue of whether their tax liabilities should have been credited for the value of the allegedly seized property. The court agrees. Although debtors did not argue that they were entitled to further tax credits, they could have done so. Because *res judicata* bars relitigation of issues that could have been raised in a prior action, the bankruptcy court correctly ruled that the debtors are barred from relitigating this issue.

*C. Dismissal of Chapter 13 Bankruptcy Proceeding*

Debtors' final argument on appeal is that the bankruptcy court abused its discretion in dismissing debtors' Chapter 13 case. Debtors contend that the bankruptcy court had no basis to dismiss their case because there were no current motions to dismiss before the court and the amount of the government's claim for back taxes had not been established.

The government, in turn, argues that the debtors' plan was neither feasible nor proposed in good faith; therefore, it was properly dismissed pursuant to 11 U.S.C. § 1307. The government claims that debtors owed $35,000.00 in delinquent taxes, yet it acknowledged that the amount may be as low as $25,000.00. In either case, the government argues that debtors' plan, which proposed paying only $100.00 per month, was grossly insufficient to cover the government's claims.

■ Under 11 U.S.C. § 1322(d), a bankruptcy plan "may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." Debtors' plan would have paid the government only $3,600.00 over three years or $6,000.00 over five years. Under either scenario, the plan was insufficient to repay even the debtors' low estimate of a $25,000.00 tax liability. Even when using debtors' low estimate of $25,0000, the court agrees with the bankruptcy court's finding that the Chapter 13 plan was not feasible.

■ Debtors' also claim that the bankruptcy court had no basis to dismiss their case because there were no current motions to dismiss before the court. The court disagrees. At the June 21, 1994 hearing, the bankruptcy court had not determined if debtors were barred by *res judicata* from litigating the total amount of their 1978–1986 tax liability. At that time, the bankruptcy court could not determine if debtors' Chapter 13 plan was feasible. Accordingly, it held that both motions to dismiss were overruled "at least at this point." (Tr. of June 21, 1994 Hr'g, at 9). Once the court determined that *res judicata* barred further litigation of debtors' tax liability, it concluded debtors' plan was not feasible and that the motions to

dismiss were ripe for adjudication. However, prior to deciding the motions to dismiss, the court set the matter for a confirmation hearing to give debtors an opportunity to amend their plan. At the January 17, 1994 hearing, the bankruptcy judge stated:

Apparently, no amended plan was filed as it was promised. The Trustee represents that at $100 per month the plan is not feasible ... The case has lingered on for a long time ... And the Court's ruling is that the Trustee's motion to dismiss and the United States of America's motion to dismiss are sustained unless the case is converted with ten days to Chapter 7.

(Tr. of Jan. 17, 1995, at 11). When debtors failed to convert their case to Chapter 7, the bankruptcy court granted both motions to dismiss.

The bankruptcy court correctly granted the motions to dismiss under subsections three and five of 11 U.S.C. § 1307:

(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including ...

(3) failure to file a plan timely under section 1321 of this title; ...

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan; ....

The bankruptcy court specifically requested that debtors file an amended plan; they refused. The bankruptcy court also denied confirmation of the plan pursuant to § 1325, finding that the plan was not feasible regardless of the exact amount of debtors' tax liability. Accordingly, the court finds that the bankruptcy court correctly ordered debtors' Chapter 13 bankruptcy proceedings to be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that the order of the bankruptcy court granting the United States of America's motion to lift the automatic stay, *nunc pro tunc*, ruling that debtors were precluded from using any prejudgment credits to offset their tax liability, and dismissing the debtors' Chapter 13 case is affirmed.

**IT IS SO ORDERED.**