**In re David Leroy WHITEHEAD, Patricia Jean Whitehead, Debtors.**

**Bankruptcy No. 385–04178.**

United States Bankruptcy Court, D. Oregon.

April 28, 1986.

Kent V. Snyder, Portland, Or., for debtors.

Joseph D. McDonald, Portland, Or., for Matt and Mary Musulin.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon an objection to confirmation of the debtors' chapter 13 plan herein.

The following facts were stipulated to by the parties:

1. On October 6, 1982, Michael Musulin filed a conversion action against the debtor, David Whitehead, in state court;

2. On August 2, 1983, the debtor filed a petition for relief under chapter 7;

3. On November 28, 1984, after a trial on the merits, the bankruptcy court entered a non-dischargeable judgment against the debtor and in favor of Michael Musulin. The bases for non-dischargeability were 11 U.S.C. § 523(a)(4) and (6);

4. On November 30, 1984, Michael Musulin assigned the non-dischargeable judgment to the creditors herein, Matt and Mary Musulin, for good and valuable consideration;

5. In February, 1985, the creditors garnished the debtors' wages in an effort to satisfy the judgment;

6. In June, 1985, the debtor made voluntary wage assignments to the Internal Revenue Service, and the Oregon Department of Revenue in an effort to satisfy tax claims that were not discharged in the Chapter 7 case;

7. Sometime after June, 1984, the creditors served additional writs of garnishment upon the debtor's employer;

8. Thereafter, the debtor's employer filed an interpleader action to determine which assignments and garnishments should be paid;

9. On October 18, 1985, while the interpleader was pending, the debtors filed a petition for relief under chapter 13;

10. The chapter 13 plan makes no provision for payment of any part of the general unsecured claims, including the claim of Matt and Mary Musulin;

11. The plan will take approximately 53 months to complete. This period of time will be required to pay in full the priority tax debts. The debtors will be paying to the trustee all of their projected net disposable earnings during this period.

The debtor asserts, without contradiction by the creditors, that at the time the debtors filed their earlier petition for relief under Chapter 7 they owed liquidated, non-contingent unsecured debts of over $100,000. As a result, at that time they would not have qualified for relief under Chapter 13 because of the provisions of 11 U.S.C. § 109(e). Following the discharge entered in the Chapter 7 case the only claims upon which the debtors remained liable were the priority tax claims owing to IRS and the Oregon Department of Revenue, the non-dischargeable debt owing to Michael Musulin, and attorney fees owing to the attorney who represented the debtors in the Chapter 7 case. Thus, at the time the petition for relief under Chapter 13 was filed the debtors owed liquidated, non-contingent unsecured debts of approximately $78,000.

The creditors' objection is based on the "good faith" requirement of 11 U.S.C. § 1325(a)(3). The creditors argue that this plan amounts to an unfair manipulation of the Code. Specifically, the creditors argue that it was unfair for them to have to incur costs and attorney fees in prosecuting the non-dischargeability matter against the debtors in the chapter 7 case, only to have the debtors seek to discharge the claim in a later chapter 13 case. They argue that in order to preserve their claim it was necessary that they prosecute the dischargeability action during the pendency of the Chapter 7 case and incur the expense entailed thereby. They assert that after having been successful in the dischargeability proceeding, it is not good faith for the debtors to seek a discharge of this claim in a Chapter 13 case, particularly when the plan makes no provision for any payment on the claim.

The Ninth Circuit Court of Appeals has instructed bankruptcy courts in the area of the good faith requirement of § 1325. In *In Re Goeb*, 675 F.2d 1386 (9th Cir.1982), the Court of Appeals stated that "the [bankruptcy] court must make its good faith determination in the light of *all* mitigating factors." *Id.*, at 1390 (emphasis in original). Nominal or no payment to holders of unsecured claims is only one factor. It is not determinative. *Id.*, 1391. Good faith must be determined on a case-by-case basis. *Id.*, 1390.

While successive filings of petitions for relief first under Chapter 7 and then under Chapter 13, might in some circumstances constitute an abuse of the Bankruptcy Code and constitute bad faith, there appears to be nothing in the Code which specifically prevents confirmation of a Chapter 13 plan in a case filed shortly after a discharge in a prior Chapter 7 case.

11 U.S.C. § 1328(a) provides that after completion of all payments under a plan, the court shall grant the debtor a discharge of all debts provided for by the plan except for long term obligations which will not be paid in full during the life of the plan and claims for alimony or support of a spouse or child. In addition priority debts are not discharged since § 1322(a)(2) requires that the plan provide for payment in full of such debts. This court has in other cases held that the mere fact that one of the purposes of the debtor in seeking relief under Chapter 13 is to discharge a debt which would not be dischargeable in a Chapter 7 case under § 523, does not render a plan one not filed in good faith. Obviously the more liberal provisions of § 1328(a) over those of § 523 were enacted for the benefit of debtors. It would be incongruous to hold that bad faith is demonstrated by utilizing the provision of a statute enacted for the benefit of the debtor.

The provisions of § 1325(b)(1)(B) which state that upon objection, the court may not approve a plan unless all of the debtor's projected disposable income for a period of three years will be applied to payments under the plan, is an indication that a debtor is not required to make payments over a period of longer than three years in order for the plan to be one filed in good faith. In the present case it is expected that the debtor will be required to apply all of his projected disposable income to payments under the plan in order to satisfy the priority tax claims.

No distinction is made in the discharge provision of § 1328(a) as to whether the claims to be discharged have or have not been reduced to judgment, or whether the claims have or have not been previously determined to be non-dischargeable under § 523. Thus the holder of a non-dischargeable claim should be aware, whether the claim has or has not been reduced to judgment and whether or not the claim has been held to be non-dischargeable, that the debtor may seek to discharge the claim in a Chapter 13 case. In the present case the objecting creditors are not the original holders of the claim who incurred the costs attendant to the dischargeability proceeding in the prior Chapter 7 case but are assignees of the judgment rendered in that proceeding.

 It might be argued that had the debtors not resisted the dischargeability proceeding in the Chapter 7 case, the costs of obtaining the judgment of non-dischargeability would have been less and therefore the court should hold the present plan in the Chapter 13 case to be filed in bad faith. The court is not prepared to rule that whenever a debtor has unsuccessfully resisted a proceeding to determine a debt to be nondischargeable, a later Chapter 13 plan must necessarily be one not filed in good faith. Instead the court believes that it must examine all of the relevant circumstances in making this determination.

In the present case, in view of the fact that the debtors were not qualified to obtain relief under Chapter 13 at the time of the filing of the earlier Chapter 7 case, that the plan commits all of the debtors' projected disposable income to payments under the plan for a period of approximately 58 months, and that the plan in other respects meets the requirements of § 1325, the court finds that the plan has been filed in good faith and should be confirmed.

This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 7052.