Gary Wayne CORNELISON and Yvonne Marie Cornelison, Debtors/Appellants.

v.

Royce E. WALLACE, Trustee, Appellee.

Civil No. 96–1077–WEB.
Bankruptcy No. 90–12843.

United States District Court, D. Kansas.

Nov. 4, 1996.

**992**

### Memorandum and Order

WESLEY E. BROWN, Senior District Judge.

This appeal concerns an application for additional compensation by debtors' counsel. Counsel requested fees of $432.00 and expenses of $13.65 for legal services performed on the debtors' behalf after confirmation of their Chapter 13 plan. The trustee objected to the application. The bankruptcy court, after finding that the requested fees were reasonable and the work performed was necessary, granted a judgment in counsel's favor against the debtors in the amount requested. The court refused to order that the fees be paid under the debtors' Chapter 13 plan, however, because to do so would have extended the debtors' payments under the plan beyond the five-year limit in 11 U.S.C. § 1322(d).[1] The court therefore sustained the trustee's objection and directed him to close the case upon completion of the payments called for by the plan. Debtors appeal.

The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) and finds that oral argument is not needed. *See* Bankruptcy Rule 8012. Because this court sits as an appellate court when reviewing bankruptcy orders, it must accept the factual findings of the bankruptcy court unless they are clearly erroneous. *Robinson v. Tenantry (In re Robinson)*, 987 F.2d 665, 667 (10th Cir.1993). The bankruptcy court's legal determinations are reviewed *de novo. Id.*

### Facts.

The following facts (with footnotes and citations omitted) were found by the bankruptcy court and have not been objected to:

The debtors commenced the above captioned case by filing a voluntary petition under Chapter 13 on September 20, 1990. Debtors made an initial plan payment in October 1990. The case was routinely confirmed on December 19, 1990. The original plan was a compromise plan which provided for payment of ten percent (10%) of all timely filed, allowed unsecured claims. In the plan debtors requested permission to make payments beyond thirty-six months, but for no more than sixty months. The Court approved the extension of payments in confirming the plan.

In January 1992, the debtors moved to add a number of postpetition creditors to their plan. The amendment to the debtors' schedules was allowed on March 26, 1992. In August 1992, the debtors reduced their payments through the plan.

In March 1993, the debtors again sought to amend their schedules to add postpeti-

---

1. All statutory references herein, unless otherwise noted, are to Title 11 of the United States Code.

tion medical expenses and property taxes. The amendment was allowed without objection by order of the Court on April 20, 1993. Although the case has been subject to some problems with payments, the trustee advised the [bankruptcy] Court at the hearing on this motion [counsel's application] that all of the original claims covered by the plan filed in 1990 have since been satisfied and continued administration of the case to deal with the postpetition creditors added in 1992 and 1993 has extended the plan payments well into 1996. It appears, although it is not entirely clear, that payment of [counsel's] requested fees through the plan would extend the administration of the case into late 1996 or early 1997. The debtors are currently making monthly payments of $106.00 per month. The trustee retains ten percent (10%) for administration and distributes the balance to creditors pro rata.

The requested fees are reasonable and the work performed was necessary.

(*Memorandum and Order* of February 22, 1996, at 2–3.)

Based on these facts, the bankruptcy judge concluded that counsel was entitled to a judgment against the debtors but that the obligation should not be paid through the trustee "as that will extend the time of administration of this case well beyond the time frame contemplated under 11 U.S.C. § 1322(d)." *Id.* at 2. The court noted that the fee was a postpetition obligation that would not be affected by the discharge to be granted the debtors. *Id.* at 6.

*Discussion.*

■ The only issue raised by appellants is whether the bankruptcy court erred in refusing to permit the additional fees to be paid under debtors' Chapter 13 plan because of § 1322.[2] Appellants argue that "[p]ayment of post-confirmation attorney fees is not in-

cluded in § 1322," and that "[n]othing in the Bankruptcy Code, including § 1322, ... prohibits the payment of administrative expenses beyond the five-year limitation imposed by § 1322." Aplt.Br. at 3, 4.

■ The court finds that the bankruptcy judge did not err. At the outset, the court notes that the award and distribution of attorney fees is generally a matter committed to the discretion of the bankruptcy court. *See In re Cascade Oil Co.,* 126 B.R. 99, 103 (D.Kan.1991). Discretion is abused when the judge does not apply the proper legal standards, does not follow the proper procedures, or bases an award on findings of fact that are clearly erroneous. *Id.* Here, appellants challenge the bankruptcy court's application of § 1322. Subsections (a) and (b) of that provision contain a comprehensive list of matters that must or may be covered in a Chapter 13 plan, including payment of claims entitled to priority under § 507, such as attorney fees. § 1322(a)(2). *See* §§ 507(a)(1), 503(b), and 330(a)(4)(B). Subsection (d) limits the time for payments under any such plan: "The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, *but the court may not approve a period that is longer than five years."* § 1322(d) (emphasis added). Inasmuch as payment of attorney fees is included within § 1322(a), the time limit in § 1322(d) clearly applies to such payments. Moreover, the same limit applies to modification of a plan after confirmation. § 1329(c).

■ The debtors' plan as previously confirmed apparently included payment to debtors' counsel of $750.00.[3] Although not denominated as such, counsel's request to have his additional fees paid through the plan is in essence a request for modification of the plan. As the bankruptcy court noted, §§ 1322 and 1329 would preclude approval of any such modification. *Memorandum and*

**2.** No argument has been made that the case should have been converted or dismissed under § 1307.

**3.** *See* Bankruptcy Court Order of February 22, 1996 at 1. The court says "apparently" because the debtors' Chapter 13 plan was not designated as part of the record on appeal.

*Order* of February 22, 1996, at 3 (n. 3). Because requiring payment of these additional fees under the plan would have extended the debtors' payments beyond the five-year limit in § 1329(c),[4] the bankruptcy court did not err in refusing to include those payments in the plan.

The bankruptcy court also cited as a "practical reason" for its decision the view that a case should not be kept open for the sole purpose of collecting attorney fees. *Memorandum and Order* of February 22, 1996, at 6. Because the judge's ruling was justified by the five-year limit on Chapter 13 plans, this court need not decide whether such a policy would be sufficient reason to deny confirmation of a plan or to permit closure of a case. The court simply notes that neither the bankruptcy court nor the trustee has cited any provision of the Bankruptcy Code in support of this policy.

*Conclusion.*

The judgment of the bankruptcy court is AFFIRMED.

---

**4.** In fact, including these payments would have extended the plan into its seventh year of administration. *See* Bankruptcy Court's February 22, 1996 Order at 5.