In re Mitchel Allen HANSON, Debtor.

In re Gregory Don HETLAND and Linda Marie Hetland, Debtors.

Bankruptcy Nos. 393–34633– rld13, 393–37290–elp13.

United States Bankruptcy Court, D. Oregon.

Aug. 4, 1998.

Before PERRIS, and DUNN, Bankruptcy Judges.

## MEMORANDUM OPINION

The issues in these two cases, which have been consolidated for purposes of this opinion only, are (1) whether a Chapter 13 discharge bars a debtor's attorney from collecting postconfirmation attorney fees and costs, and (2) whether the attorney's fee disclosures were adequate. For the reasons set out below, we conclude that the discharge bars collection of postconfirmation fees and that the attorney's fee disclosures were inadequate.

## FACTS

**Hanson.** Mitchel Hanson ("Hanson") retained Kent Snyder ("Snyder") to represent him in his Chapter 13 case. Hanson signed an attorney fee agreement that estimated attorneys fees at $1,400 and provided for billing and payment for legal work that exceeded the fee estimate, including fees not paid through the Chapter 13 plan.

When Hanson filed his Chapter 13 petition in 1993, Snyder filed a Disclosure of Compensation on a disclosure form that this court promulgated. The form provides two schedule options. The attorney uses Schedule 1 when the attorney charges a flat fee for services provided over the entire life of the case. The attorney uses Schedule 2 when the attorney estimates the total compensation, which is "to be paid by the trustee as funds are available after payments to secured creditors are current." The form does not provide an option by which the attorney can disclose that he or she has an agreement with the debtor to collect additional fees beyond those that are the subject of a supplemental fee application. Snyder chose Schedule 2, estimating fees of $1,400 to be paid by the trustee through the plan.[1]

1. The disclosure form provides:
"If SCHEDULE 2 is selected, time records must be kept for all work performed both 'pre' and 'post' petition. Such records may be requested by the court at any time. If compensation in excess of those disclosed above are applied for, LBF # 1307 shall be used and the application must contain an itemization of all services previously performed which have not been previously itemized and filed."

"If SCHEDULE 2 is selected, supplemental applications for compensation in excess of the estimated total fee disclosed above will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $250 and at least 6 months have expired since the filing of the case or since the filing of any earlier application."

Although the fee agreement with Hanson provided that Hanson might be charged fees in addition to those approved by the court, Snyder did not attach a copy of the fee agreement to the initial disclosure form or provide a copy or description of the fee agreement to the U.S. Trustee.

The court confirmed Hanson's Chapter 13 plan. It provided for payment in full of administrative expenses. The order confirming the plan awarded Snyder $1,400 in fees, as provided in the disclosure. In 1994, Snyder requested and was allowed supplemental compensation of $277.25, bringing his total court-approved fees and expenses to $1,677.25.[2]

In 1997, Hanson completed his plan and received a discharge. Pursuant to the plan, Snyder was paid the remainder of the $1,677.25 approved fee.

Snyder then sent Hanson a letter congratulating him on completing his Chapter 13 plan, and demanding payment of $238 in additional attorney fees that "were not billed through the court in order to expedite the discharge of your case." Hanson wrote to Snyder, saying that he understood that such fees had to be approved by the Bankruptcy Court before they could be paid. Snyder sent the account to a collection agency, which twice contacted Hanson attempting to collect the additional fees plus interest. Hanson then wrote to the court requesting relief from Snyder's post-discharge collection efforts.

The U.S. Trustee filed an objection to Snyder's fees. The court held a final hearing on Hanson's and the U.S. Trustee's objections on July 1, 1998.

***Hetland.*** Gregory and Linda Hetland ("the Hetlands") also retained Snyder to represent them in their Chapter 13 case. They signed an attorney fee agreement (identical in form to the fee agreement in the *Hanson* case) that estimated attorney fees at $1,600 and provided for billing and payment for legal work that exceeded the fee estimate, including payment for fees not paid through the Chapter 13 plan. When the Hetlands filed their Chapter 13 petition, Snyder filed a Disclosure of Compensation on the court form. Snyder selected Schedule 2 and estimated total compensation at $1,600.

The Hetlands' confirmed Chapter 13 plan provided for payment in full of administrative expenses. The order confirming the plan awarded Snyder $1,600 in fees.

The Hetlands did not complete their plan, but instead were granted a hardship discharge pursuant to 11 U.S.C. § 1328(b). After their discharge, Snyder sent the Hetlands a congratulatory letter, which contained a demand for payment of $1,663.89.[3] The letter also advised the Hetlands that Snyder was applying a refund check from the trustee, in the amount of $749.95, to these fees, thereby reducing the outstanding balance to $913.94.[4]

The Hetlands then sent a letter to the court, requesting answers to a number of questions they had about the final account, including the refund that Snyder applied to his fees. The court treated the letter as an objection to fees and held a hearing on April 15, 1998.

---

2. A preliminary hearing was held in the *Hanson* case on May 20, 1998. After that hearing, Snyder filed a supplemental fee application, to which no written objection was filed. However, Hanson had objected at the preliminary hearing to the reasonableness of Snyder's fees and renewed that objection at the final hearing on July 1. There is no need to reach the merits of the reasonableness objection, because the application was not filed until after the discharge, which is too late to allow the fees to be paid as administrative expenses under the plan.

3. It is not clear how Snyder arrived at $1,663.89. The court approved fees of $1,600, of which $500 was paid before bankruptcy. The trustee paid $290 through the plan, leaving an unpaid balance of $810. Snyder also charged an additional $813.75 for postconfirmation fees, which have never been the subject of a supplemental fee application and thus have never been approved by the court. That leaves an unpaid balance of $1,623.75. He does not explain the additional charge of $40.14.

4. The court ordered Snyder to deposit the refund amount with the court pending resolution of this dispute. Snyder concedes that he is barred by the Hetlands' hardship discharge from collecting the $810 balance of the preconfirmation fees approved in the order confirming the Hetlands' plan. However, he asserts that he is entitled to collect the $813.75 in postconfirmation fees.

## DISCUSSION

1. *Discharge bars collection of postconfirmation fees not paid through the plan.*

### A. *Scope of the discharge.*

A Chapter 13 discharge discharges the debtor "from all unsecured debts provided for by the plan ..." if the debtor completes the plan, 11 U.S.C. § 1328(a),[5] or "from all unsecured debts provided for by the plan ..." if the debtor receives a hardship discharge. 11 U.S.C. § 1328(c). These discharge provisions contrast with a Chapter 7 discharge, which covers only prepetition debts, 11 U.S.C. § 727(b),[6] and a Chapter 11 discharge, which covers debts that arose before confirmation. 11 U.S.C. § 1141(d). Thus, in Chapter 13, if a confirmed plan provides for the postconfirmation services of the debtor's counsel, the Chapter 13 discharge bars collection of the debt for those services.

### B. *The Chapter 13 plans provided for postconfirmation fees.*

Consistent with section 1322(a)(2), which requires that the plan "provide for full payment ... of all claims entitled to priority under section 507 of this title," the plans in these cases direct the trustee to pay "[t]he expenses of administration required by 11 U.S.C. § 507(a)(1)."[7] Section 507(a)(1) provides that "administrative expenses allowed under Section 503(b) of this title" have priority. Section 503(b)(2) provides that administrative expenses include "compensation and reimbursement awarded under section 330(a) of this title...." At the time these cases were filed, section 330(a) provided[8]:

"After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award ... to the debtor's attorney (1) reasonable compensation for actual, necessary services rendered by such ... attorney, ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and (2) reimbursement for actual, necessary expenses."

In this district, expenses of administration in Chapter 13 have long been understood to include debtor's attorney fees throughout the case, including through the discharge. Consistent with sections 330 and 503(b)(2), this district's local rules and forms at all pertinent times have made express provision for supplemental fee applications unless debtor's counsel elects to accept a flat fee for the entire life of the case. *See, e.g.,* LBR 2016–4, General Order 92–2, LBFs 1305 and 1307.[9] Because postconfirmation attorney fees are administrative expenses, the plans' provision for payment of administrative expenses includes payment of those fees.[10]

---

**5.** Unless otherwise noted, all section references are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

**6.** Thus, these cases differ from *Gordon v. Hines (In re Hines),* 147 F.3d 1185 (9th Cir.1998), in which the Ninth Circuit held that postpetition attorney fees are not discharged in Chapter 7.

**7.** Not all courts allow debtors' counsel to be paid through the Chapter 13 plan for attorney fees incurred postconfirmation. The reasoning in this opinion applies only to cases in which the plan provides for payment of postconfirmation fees.

**8.** In 1994, Congress added subparagraph 330(a)(4)(B), which provides that, "[i]n a ... chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."

**9.** Although the General Orders, LBRs and LBFs have changed in certain limited, procedural respects over time, the basic provisions regarding compensation of debtor's Chapter 13 counsel have remained the same.

**10.** The confirmed plans provided that property of the estate would revest in the debtors upon confirmation. Some expenses must relate to preserving the estate in order to qualify as administrative expenses. *E.g.,* 11 U.S.C. § 503(b)(1)(A) (actual, necessary costs and expenses of preserving the estate). Sections 503(b)(2) and 330(a) do not contain such a requirement for fees for debtors' counsel. *See In re Sultan Corp.,* 81 B.R. 599, 601–02 (9th Cir. BAP 1987) ("Attorney's fees need not be incurred by the estate to be administrative expense under Section 503(b)(2)"). Thus, the fact that the estate property revested in debt-

**C. Application for compensation is not discretionary.**

Snyder argues that postconfirmation attorney fees are administrative expenses only if the attorney requests court approval of the compensation. He relies on LBR 2016–1.F.3. and a single phrase from LBF 1305 Schedule 2: "*If compensation in excess of those disclosed above are applied for*, LBF # 1307 shall be used...." (Emphasis supplied.) Snyder reasons that section 1322(a)(2) requires a plan to provide for full payment of claims entitled to priority under section 507, and that section 507(a)(1) gives priority to *allowed* administrative expenses. If he does not apply for compensation, Snyder argues, there will be no allowed administrative claim for attorney fees, and therefore the fees will not be provided for in the plan.

■ The language in LBF 1305, "[i]f compensation in excess of those disclosed above are applied for" is simply an acknowledgment that there may not be fees in addition to those disclosed in the initial disclosure. The language does not make application for fees discretionary if counsel seeks payment of additional fees. Counsel are required to submit a supplemental fee application any time counsel seeks any fees that exceed the amount approved by the court, whether the fees were incurred preconfirmation or postconfirmation.

Treating postconfirmation fees as administrative expenses facilitates counsel's recovery of fees through the Chapter 13 plan and provides counsel with a secure, efficient collection service for their fees that is free of cost to counsel.[11] Although section 330(a)(4)(B) provides that the court "may"

allow reasonable compensation to debtors' counsel in Chapter 13 cases, the Bankruptcy Code was not designed to provide a court-operated collection service available at the discretion of lawyers. If Snyder is correct that counsel's submission of a request for fees is discretionary, it might be appropriate for the court to remove itself from the postconfirmation fee collection process by amending the local rules and forms to delete the procedure for collecting such fees through the plan.

■ Snyder's argument that application for supplemental compensation is discretionary is essentially the same as the argument of creditors who contend that their claims are not provided for in a Chapter 13 plan if they do not file a proof of claim. Courts have routinely rejected such a construction, reasoning that "provided for" means that "the plan makes a provision for the claim or deals with the claim or refers to the claim— not that the claim was actually paid...." Vol. 3, Keith Lundin, *Chapter 13 Bankruptcy* § 9.16 at 9–29 n. 142 (2d ed.1994); *Lawrence Tractor Co. v. Gregory*, 705 F.2d 1118 (9th Cir.1983); *In re Whitehead*, 61 B.R. 397 (Bankr.D.Or.1986). Thus, when a creditor fails to file a proof of claim, the claim is nonetheless "provided for" in the plan if it is within a class of claims referred to in the plan.

■ The same reasoning applies to administrative claims. An administrative expense is defined by statute, not by whether the claimant chooses to file a claim, and the confirmed plans in these cases provided the sole mechanism for payment of administrative expenses.[12]

ors upon confirmation has no effect on whether fees incurred after confirmation are administrative expenses and, accordingly, are discharged.

**11.** This is not an insignificant service. Over the past four years, the Chapter 13 trustee for most of the Chapter 13 cases in this division of the court has disbursed an average of $2.1 million each year to debtors' attorneys. That figure does not include funds disbursed by other Chapter 13 trustees in this district. 1997 United States Trustee Annual Report Chapter 13 Disbursement Comparison—Region 18.

**12.** Treating both pre- and postconfirmation fees and expenses of Chapter 13 debtors' counsel as

administrative expenses also ensures that the disclosure requirements of section 329, discussed below, are met and protects the integrity of the bankruptcy process. Supplemental fee applications provide notice of the amount of the fees and an opportunity to object, *see* Fed.R.Bankr.P. 2002, as well as a mechanism for court scrutiny for reasonableness. *See* 11 U.S.C. § 329(b).

The process of disclosure, application for and approval of supplemental fees has additional practical advantages. When a debtor obtains a discharge, the debtor should be confident that the debts provided for in the plan, including attorney fees, have been satisfied. The disclosure provisions and local rules and forms imple-

### D. *Postconfirmation fees are not covered by section 1305.*

Snyder asserts that postconfirmation fees are postpetition debts governed by section 1305. In other words, they must be allowed through the claims process and specifically provided for under the plan in order to be discharged by plan performance or by a hardship discharge. We disagree.

 Section 1305 provides for the filing and allowance of certain postpetition claims. A Chapter 13 plan may, but is not required to, provide for payment of postpetition claims allowed under section 1305. 11 U.S.C. § 1322(b)(6). On the other hand, a plan must provide for payment in full of administrative claims. 11 U.S.C. § 1322(a)(2). The postconfirmation fees and costs of debtor's counsel related to the Chapter 13 case are administrative expenses, a specific category of postpetition debts distinct from the more general types of consumer debts covered by section 1305(a)(2). Under the rule of statutory construction that specific provisions control over general ones, we conclude that section 1305 does not apply to postconfirmation fees of Chapter 13 debtors' counsel. At least one other court has reached the same conclusion:

> "The legislative history states two examples of the kind of necessary postpetition expenses for which Section 1305(a)(2) was enacted: 'auto repairs in order that the debtor will be able to get to work, or medical bills.' H.R.Rep. No. 595, 95th Cong., 1st Sess. 427–28 (1977) [additional citations omitted].... Simply put, Section 1305 is not the appropriate procedural vehicle for an attorney to seek to collect postpetition fees for providing routine legal

services. That is clear from the plain language of the statute and the congressional intent behind its enactment." *In re Phillips*, 219 B.R. 1001, 1007–08 (Bankr. W.D.Tenn.1998).

*In re Mason*, 51 B.R. 548 (D.Or.1985), on which Snyder relies, is inapposite. *Mason* involved a postpetition debt not provided for by the plan. As we have said, debtors' counsel's postconfirmation fees and costs, as administrative expenses, are provided for by the plans in these cases.

### E. *Sections 1322(d) and 1329(c) do not override discharge provisions.*

Snyder argues that requiring court approval of supplemental compensation and payment through the plan puts some debtors at risk of exceeding the 60–month plan limitation of sections 1322(d) and 1329(c) of the Bankruptcy Code. If a plan is close to or at the 60-month limit, there may not be time left in the life of the plan to fund the cost of necessary additional attorney's services. *See Cornelison v. Wallace*, 202 B.R. 991 (D.Kan. 1996).

Although not relevant to the facts of these two cases, the argument raises an important issue. In many cases, the debtor's counsel can be paid over the life of an extended plan without running up against the 60-month statutory limit. Where that is not the case, there are at least two solutions to the problem. First, the plan could provide for a balloon payment or larger payments at the end of the plan term to cover additional fees and costs. Second, the debtor could enter into a reaffirmation agreement in accordance with 11 U.S.C. § 524.[13]

---

menting those provisions assure that debtors are aware of the amount of fees and know that those fees are being paid through the plan. Without such disclosure and court approval, debtors may not be aware that, despite having completed a three- to five-year plan, they may be liable for a new debt to their Chapter 13 attorney.

Snyder said during argument that his office has billed many clients in circumstances similar to those of these debtors without receiving complaints in the vast majority of cases. However, the fact that there are currently debtors in two separate cases who are surprised and angered to be facing collection action after receiving their discharge indicates that potentially many debtors

expect that completion of their Chapter 13 plan payments means that they are finished paying their Chapter 13 obligations. *See, e.g., In re Phillips*, 219 B.R. 1001, 1008 (Bankr.W.D.Tenn. 1998).

**13.** Reaffirmation in these circumstances differs from reaffirmation in a Chapter 7 case. As the Ninth Circuit explained in *Hines*, 147 F.3d 1185, there is little incentive for a Chapter 7 debtor to undertake voluntarily a legally enforceable obligation to pay postpetition attorney fees, if those fees were discharged under section 727. In contrast, in a Chapter 13 case, if the payment of the additional attorney fees through the plan will

*F. Requiring application for fees does not put attorneys at risk of not being paid.*

Finally, Snyder argues that requiring court approval of postconfirmation fees through fee applications may result in counsel's inability to receive payment for certain fees. The court's disclosure form provides that "[n]o additional compensation requests will be granted ... after a final application is filed if SCHEDULE 2 is selected." Snyder explains that, in some cases, counsel files a final fee application when discharge is imminent. If unanticipated problems arise thereafter that require counsel's involvement, the disclosure form prohibits counsel from filing a request for supplemental compensation.

The court may make exceptions to the restriction on additional compensation requests, for cause shown. *See* LBR 1001–1.H. The court would certainly entertain a request to approve additional compensation when unanticipated circumstances have resulted in additional attorney fees being generated after the final application is filed.

*2. Snyder's fee disclosures were not adequate.*

Section 329(a) requires that "any attorney representing a debtor in a case under this title ... whether or not such attorney applies for compensation ..." make a full disclosure of the amount and source of compensation. Fed.R.Bankr.P.2016(b) requires debtor's counsel to file and transmit to the U.S. Trustee a disclosure of compensation arrangements within 15 days after the order for relief and makes clear that the obligation to make such disclosures is a continuing one.

 In the *Hanson* case, Snyder did not file his fee agreement along with his initial disclosure of compensation and did not provide a copy or description of his fee

agreement to the U.S. Trustee. The fee agreement would have disclosed Snyder's agreement with Hanson that Snyder might seek to recover additional compensation from Hanson directly, without court approval. Because the disclosure was inadequate, as an alternative to the denial because of discharge, the court denies the $238 in compensation sought in *Hanson.*[14] *See* B.R. 2016(b); *In re Lewis,* 113 F.3d 1040 (9th Cir.1997); *In re Park–Helena Corp.,* 63 F.3d 877 (9th Cir.1995), *cert. denied,* 516 U.S. 1049, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996).

**CONCLUSION**

The plans in these Chapter 13 cases provide for payment of administrative expenses. Postconfirmation attorney fees of Chapter 13 debtors' counsel are administrative expenses. Because administrative expenses are provided for in the plans, any unpaid debt for such expenses was discharged under section 1328(a) and (c). The objections to Snyder's claim for postconfirmation fees in both cases are sustained.

This Memorandum Opinion constitutes our findings of fact and conclusions of law, which will not be stated separately. The court will enter orders in each case consistent with this opinion.

---

result in extending the plan beyond the 60-month limit, reaffirmation of the additional fees may permit the debtor to obtain a discharge rather than face dismissal for failure to complete the plan payments within 60 months. Although the conflict that arises from the attorney advising the client regarding whether to reaffirm a debt for postpetition fees exists in Chapter 13 as well as in Chapter 7, the debtor may reaffirm with court approval rather than through the attorney affida-

vit provided for in section 524(c)(3). *See* 11 U.S.C. § 524(c)(6).

**14.** The disclosure in the Hetland case appears to suffer from the same defects. The court does not reach the issue in that case, however, because it was not raised or briefed in the pleadings or at argument.