In re Susie RYDER, Debtor.

David A. Boone, dba Law Office of David A. Boone, Plaintiff,

v.

Susie Ryder, Defendant.

Bankruptcy No. 00–52653–JRG.

Adversary No. 04–5114.

United States Bankruptcy Court, N.D. California.

Jan. 18, 2005.

Devin Derham–Burk, San Jose, CA, Chapter 13 Trustee.

David A. Boone, Esq., Law Office of David A. Boone, San Jose, CA, for Debtor.

Sblend A. Sblendorio, Hoge, Fenton, Jones and Appel, Pleasanton, CA, for Creditor.

## MEMORANDUM OPINION

JAMES R. GRUBE, Bankruptcy Judge.

### I. INTRODUCTION

Defendant Susie Ryder completed a Chapter 13 plan in this court and was granted a discharge. Thereafter her attorney, David Boone, filed suit against her in state court for unpaid attorney fees. The action was removed to this court and Boone filed a summary judgment motion. The principal issue before the court is whether Boone can pursue additional attorney fees in state court or whether such unapproved fees were discharged at the conclusion of Ryder's Chapter 13 case.[1] For the reasons hereafter stated the court concludes that the unapproved fees were discharged.

### II. FACTUAL BACKGROUND

On May 16, 2000, Boone and Ryder entered into a fee agreement regarding her Chapter 13 case. The agreement provided:

> All fees are payable only after court approval and then fees are payable through your Chapter 13 Plan by the Trustee.

The following day, May 17th, Ryder's Chapter 13 petition was filed. Ryder's plan was thereafter confirmed on January 22, 2001, with the confirmation order being entered on February 7, 2001.

At the time of confirmation Boone was awarded $1,600 in attorney fees. This award was based on a long standing practice in this court, as well as many others, regarding guideline fees in Chapter 13

---

1. In order to control costs both parties agreed that the Court could address the discharge issue through plaintiff's summary judgment motion.

cases. In this court two separate documents are involved.

The first is an agreement entitled *Rights and Responsibilities Of Chapter 13 Debtors And Their Attorneys*. This agreement was signed by both Boone and Ryder.[2] The purpose of this agreement is to ensure that both attorney and client are clear as to what particular responsibilities each has and what each party can expect from the other. Regarding attorney fees, the *Rights and Responsibilities* agreement provides:

> If the initial fees ordered by the court are not sufficient to compensate the attorney for legal services rendered in the case, the attorney further agrees to apply to the court for any additional fees. Fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor other than the initial retainer. If the debtor disputes the legal services provided or the fees charged by the attorney, an objection may be filed with the court and the matter set for hearing.

The *Rights and Responsibilities* agreement ties into the court's *Guidelines For Payment Of Attorney's Fees In Chapter 13 Cases*. Where the agreement has been signed and filed, and where there are no objections to the fees established by the court's *Guidelines*, such fees will be approved at the time of confirmation of the plan without the attorney having to file a fee application. It is by this procedure

that Boone was awarded $1,600 in fees at confirmation.

As set forth in the *Rights and Responsibilities* agreement, an attorney may seek additional fees during the course of the Chapter 13 case. On July 3, 2002, Boone filed an interim fee application, which was approved. Boone was granted additional fees in the amount of $2,000. This application covered the period of May 16, 2000 through July 2, 2002.[3]

Approximately five months later, on January 9, 2003, the Chapter 13 Trustee filed a Notice of Chapter 13 Plan Completion with the court requesting that a discharge order be entered pursuant to § 1328(a) of the Bankruptcy Code.[4] The discharge order was entered on January 17, 2003. A month later, on February 18, 2003, the Trustee filed her Final Report and Account. On February 27, 2003, a Final Decree was entered and the case closed.

A year after the case was closed, on March 1, 2004, Boone sued Ryder in state court seeking additional attorney fees in the amount of $6,280.67 plus interest and costs, which was removed to this court.

## III. DISCUSSION

 Ryder asserts that the additional attorney fees that Boone seeks were discharged at the conclusion of her Chapter 13 case when she received her discharge. Relatively little case law has developed on this issue.[5] However as will be discussed

---

**2.** The *Rights and Responsibility* agreement was developed in San Jose but has since been adopted by many courts throughout the country.

**3.** When guideline fees are approved at confirmation and the attorney thereafter seeks additional compensation, the court requires that fees from the inception of the case be supported with time records.

**4.** Unless otherwise noted, all section references are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

**5.** *See* 4 *Keith Lundin, Chapter 13 Bankruptcy, 3d Ed.,* § 359.1 (2004). Judge Lundin discusses three cases which lead to his conclusion that whether or not attorney fees are discharged is not always clear. The three cases are *In re Gantz*, 209 B.R. 999 (10th Cir. BAP 1997), *In re Hanson*, 223 B.R. 775

below, the court finds persuasive the analysis set forth in *In re Hanson,* 223 B.R. 775 (Bankr.D.Or.1998).

### A. *Hanson's* Analysis Leading To The Discharge Of Unapproved Attorney Fees At The Conclusion Of The Case.

*Hanson* involved Chapter 13 debtors who were billed for fees by their attorney after obtaining their discharge. The bankruptcy court was confronted with the issue of whether the attorney could collect postconfirmation attorney fees after the discharge. The bankruptcy court concluded that the postconfirmation fees were provided for in the plan and thus were discharged on conclusion of plan payments.

The court reached its conclusion through a three step process. First, the court reasoned that under § 330(a) of the Code, a debtor's counsel is entitled to reasonable compensation for services rendered.[6] Second, § 1322(a)(2) provides that the plan shall provide for full payment of claims

(Bankr.D.Or.1998), and *Cornelison v. Wallace,* 202 B.R. 991 (D.Kan.1996).

**6.** Section 330(a) provides:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103–(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses . . . .

(4)(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

entitled to priority under § 507 of the Code. Finally, under § 507(a)(1) "administrative expenses allowed under section 503(b) of this title" have priority.[7] Section 503(b)(2) provides that administrative expenses include "compensation and reimbursement awarded under section 330(a) of this title . . . ."[8] Thus, the attorney fees were "administrative expenses." *Hanson,* 223 B.R. at 778.

An important component of the analysis is the nature of a particular district's Chapter 13 plan and the type of claims that are included.[9] As such, the court went on to discuss its procedures and that, in its district, expenses of administration in a Chapter 13 case had long been understood to include a debtor's attorney fees throughout the case, including through the discharge. The court found that consistent with §§ 330 and 503(b)(2) of the Code, the district's local rules and forms had made express provision for supplemental fee applications unless the debtor's counsel opted out of that system.

**7.** Section 507(a)(1) provides:

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

**8.** Section 503(b)(2) provides:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including. . .

(2) compensation and reimbursement awarded under section 330(a) of this title.

**9.** *Hanson* qualified its decision by stating: "Not all courts allow debtors' counsel to be paid through the Chapter 13 plan for attorney fees incurred postconfirmation. The reasoning in this opinion applies only to cases in which the plan provides for payment of postconfirmation fees." *Hanson,* 223 B.R. at 778 n. 7.

Because postconfirmation attorney fees were treated as administrative expenses, the plan's provision for payment of administrative expenses included payment of those fees. In *Hanson,* the fees billed after the discharge were never submitted to or approved by the court. Therefore as administrative expenses, the fees were discharged at the conclusion of the Chapter 13 case under § 1328(a).[10] *Hanson,* 223 B.R. at 778.

*Hanson* also concluded that attorney fees for services during a Chapter 13 case are not postpetition claims under § 1305. *Id.* at 780. The court rejected this argument because postconfirmation fees and costs of debtor's counsel related to the Chapter 13 case are administrative expenses, a specific category of postpetition debts distinct from the more general types of consumer debts covered by § 1305(a)(2).[11] The court further noted that the Chapter 13 discharge provisions contrast with a Chapter 7 discharge, which covers only prepetition debts, and a Chapter 11 discharge, which covers debts that arose before confirmation. *Hanson,* 223 B.R. at 778 (citing §§ 727(b) and 1141(d) of the Code).

Finally, *Hanson* rejected counsel's argument that the application for supplemental compensation is discretionary. The court found this argument to be the equivalent of the argument raised by creditors who contend that their claims are not provided for in the Chapter 13 plan if they do not file a proof of claim. In the Ninth Circuit, this argument has been rejected because "provided for" means that "the plan makes a provision for the claim or deals with the claim or refers to the claim—not that the claim was actually paid." *Id.* at 779 (citations omitted).

**B. A Review Of This District's Treatment Of Attorney Fees In Chapter 13 Cases Demonstrates That Such Fees Are Administrative Expenses Included In The Plan And Thus Unapproved Fees Are Discharged At The Conclusion Of The Case.**

As in *Hanson,* in this district attorney fees have long been paid through the Chapter 13 plan, unless otherwise ordered by the court. The plan confirmed in this case provided:

2. From the payments so received, the Trustee shall make disbursements as follows:

(a) To the expenses of administration required by 11 U.S.C. § 507(a)(1) in deferred payments.

---

**10.** Section 1328(a) provides:

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title . . . .

**11.** This is not the first case in which an attorney tried to argue that their fees fell under this provision. In *In re Phillips,* 219 B.R. 1001 (Bankr.W.D.Tenn.1998), the attorney argued that postconfirmation fees were allowable under § 1305. The court concluded that there was no indication that Congress intended routine legal work by the debtor's attorney to be within the purview of § 1305. *Id.* at 1007. In addition, allowing attorneys to use § 1305(a)(2) as a procedural vehicle for their compensation was fraught with potential problems since neither the judge, creditors, nor the client would have a meaningful notice of the claims nor meaningful opportunity to object. *Id.* at 1008. The court concluded that the more appropriate procedure for approval of postpetition attorney fees and expenses in Chapter 13 cases is an application for the court's approval under § 330 and Rule 2016. *Id.* at 1009.

Consistent with this practice, the *Rights and Responsibilities* agreement, which was signed by both Boone and Ryder and attached to the order confirming the plan, provided that fees are to be paid through the plan unless otherwise ordered and that the attorney could not receive fees directly from the debtor other than the initial retainer. In recognition of this long standing practice, Boone's fee agreement provided that all fees were payable only after court approval and that they would be paid through the Chapter 13 plan.

Similar to an argument raised in *Hanson*, Boone argues that his fee agreement with Ryder allowed for the payment of fees outside of bankruptcy. Boone refers to the provision that states: "[u]nder normal circumstances, such additional fees will be paid through the Client's Chapter 13 after the court has considered and approved the fees by application by attorney." However, this argument ignores the terms of the *Rights and Responsibilities* agreement, which states that the attorney may not receive fees directly from the debtor other than the initial retainer. As Boone's fee agreement refers to the *Rights and Responsibilities* agreement it must be interpreted in a similar fashion.

None of the arguments that Boone presents addresses the language of the statutes and rules which require court approval of attorney fees. The cases Boone cites in support of the right to sue for unapproved fees are distinguishable.[12]

"Experienced bankruptcy counsel are well aware of the limitations of 11 U.S.C. § 330 on compensation and the possibility that their fee requests may be reduced or disallowed." *In re Gantz*, 209 B.R. 999, 1002 (10th Cir. BAP 1997) (citation omitted). Although § 330(a)(4)(B) provides that the court "may" allow reasonable compensation to a debtor's counsel in a Chapter 13 case, "the Bankruptcy Code was not designed to provide a court-operated collection service available at the discretion of lawyers." *Hanson*, 223 B.R. at 779.

The $6,000 in fees that Boone seeks were not previously submitted to nor approved by the court. As an administrative expense they were discharged under § 1328 when Ryder received her discharge. Under the *Hanson* analysis they could only exist at this late date had they been approved by the court and had Ryder entered into a reaffirmation agreement prior to receiving her discharge. These events did not occur.

### C. The Court's Due Process Concerns Have Been Satisfied.

■ At a hearing prior to the hearing on this summary judgment motion, the court raised a question about whether a Chapter 13 attorney is given sufficient notice that the case is about to be completed and the debtor is about to obtain his or her discharge. The Ninth Circuit has discussed notice for due process purposes and concluded:

Whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is notice of everything to which such inquiry may have

---

12. Boone cites to *In re Elias*, 188 F.3d 1160, 1162 (9th Cir.1999) and *In re Menk*, 241 B.R. 896, 906 (9th Cir. BAP 1999) in support of payment of his fees post-discharge. *Elias* involved a Chapter 11 bankruptcy case that was dismissed. *Menk* involved a Chapter 7 case being reopened for a creditor to challenge the dischargeability of a debt and a jurisdiction issue. In *Menk*, the Ninth Circuit stated "[i]ssues of compensation and sanctions survive dismissal." *In re Menk*, 241 B.R. at 906 (citing *In re Elias*, 188 F.3d at 1162). It is on this statement that Boone relies. However, a case involving a dismissal is factually and legally distinguishable from a case that was closed after the debtor obtained a discharge.

led. When a person has sufficient information to lead him to a fact, he shall be deemed to be conversant of it.

*In re Gregory,* 705 F.2d 1118, 1123 (9th Cir.1983) (citation omitted).

The Chapter 13 Trustee submitted a response to assist the court in understanding how the progress of a Chapter 13 case can be monitored. While the court believes every attorney should know the status of his or her cases, the Trustee provides tools to assist attorneys in this regard.

First, the Trustee's computer system is a resource. Once the Trustee receives sufficient funds to complete all payments required under a confirmed plan, the computer system is coded to show the case status as "About to Complete." All parties to a Chapter 13 case have access to the Trustee website to check the status of the case, which will show whether a case is "About to Complete." After August 2002, the website would have shown Ryder's case as "About to Complete."

There is a second resource. The Trustee also provides an annual report to attorneys. In October 2002, the Trustee sent copies of "debtors' annual reports to debtors' attorneys." The annual report for Ryder would have shown that, but for the disputed claim of American Business Leasing Inc., the case was ready to close.

Boone states in his declaration to his reply brief that:

The Chapter 13 Trustee asserts that we should have known that the case was about to close because we could have checked the trustee's website for a status report. We were simply awaiting

the outcome of the claim objection matter and it was clear that the case would complete after the matter was resolved.

By this statement he appears to acknowledge that he knew the case would close once the claim objection was resolved. What was required of him at that point was not great, all he had to do was contact the Trustee and let her know he was going to file a fee application.[13] Because he did not act, the discharge was issued.

Finally, there is the Notice of Plan Completion that is filed and sent to the attorney. After considering the trustee's explanation regarding the closing process, and coupled with the fact that attorneys should know the status of their cases, the court finds Boone had sufficient notice that the debtor was about to complete her plan and receive her discharge.

■ "When a debtor obtains a discharge, the debtor should be confident that the debts provided for in the plan, including attorney fees, have been satisfied." *Hanson,* 223 B.R. at 779 n. 12. In this case, the local requirements and forms implementing those requirements are to assure that debtors are aware of the amount of fees and know that those fees are to be paid through the plan. "Without such disclosure and court approval, debtors may *not be aware that, despite having complet-ed a three– to five-year plan, they may be liable for a new debt to their Chapter 13 attorney."* *Id.* This is precisely the situation the court sought to avoid by implementing its guidelines and procedures in this district.

## IV. CONCLUSION

As the court has concluded that Boone's unapproved fees were discharged when

---

**13.** As the case comes to a close, the Trustee advises that it is her practice to hold funds for payment of attorney fees if a debtor's counsel contacts her prior to the final disbursement. She will hold an estimated amount of money for attorney fees upon the verbal request of the attorney. If no attorney fee order is received within 30 days of the request, the Trustee will contact the attorney to inquire about the status of the fee application.

Ryder received her discharge, Boone's motion for summary judgment must be denied. Given the court's conclusion, summary judgment is granted in favor of Ryder based on her affirmative defense.[14]

---

**14.** Sua sponte entry of summary judgment is proper if "there is no genuine dispute respecting a material fact essential to the proof of movant's case." *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir.1993) (citation omitted). However, a litigant must be given reasonable notice that his or her claim will be in issue. *Id.* "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Id.* (citation omitted).

At the hearing on the motion for summary judgment, the court discussed that Ryder had not brought a cross-motion for summary judgment motion on her affirmative defense that the fees had been discharged. However, she had raised the issue as part of her opposition to Boone's motion. The court asked the parties if they wanted the court to consider the issue of whether the fees were discharged. The parties answered in the affirmative. The court informed the parties they would have an opportunity to file any additional papers on this issue; no such request was made.