In re Jerry JOHNSON, Debtor.

Mark A. Wolff, Appellant,

v.

Jerry Johnson; Lawrence Loheit, Chapter 13 Trustee, Appellees.

BAP No. EC–05–1286.
Bankruptcy No. 00–27827–D–13L.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on March 24, 2006 at Sacramento, California.

Filed—May 1, 2006.

Mark A, Wolff, Wolff & Wolff, Elk Grove, CA, pro se.

Jerry Johnson, Elk Grove, CA, pro se.

Neil Enmark, Sacramento, CA, for appellee.

Before: MONTALI, PAPPAS and BUFFORD,[1] Bankruptcy Judges.

## OPINION

MONTALI, Bankruptcy Judge.

A chapter 13 debtor's amended plan provided that attorneys' fees remaining unpaid at the completion of the case would not be discharged and would be paid directly by the debtor after entry of his discharge. Debtor's counsel filed a fee

application requesting approval of fees incurred after confirmation of debtor's plan and requesting that the court permit the fees to be paid directly by debtor outside of the plan. The bankruptcy court entered an order approving the requested fees and allowing collection of the fees directly from debtor. The court nevertheless indicated in its civil minutes that counsel could not collect fees from the debtor after entry of discharge and that any fees remaining unpaid at that time would be discharged. Counsel appealed and we REVERSE.

## I.

### FACTS

Appellant Mark A. Wolff, Esq. ("Attorney") is counsel for chapter 13[2] debtor Jerry Johnson ("Debtor"). On June 12, 2003, Debtor filed his third modified chapter 13 plan and a motion to confirm that plan. Debtor signed the third modified plan, which provided that "[a]dditional attorney fees remaining unpaid upon completion of this case shall not be discharged and shall be paid directly by debtor after entry of discharge." The third modified plan also states that "[Attorney] opts to have his or her fees approved and paid in accordance with the court's Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases." The bankruptcy court entered an order confirming the third modified plan on August 6, 2003.

The Eastern District of California's Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases ("Guidelines") provide that, except for pre-petition retainers, all attorney fees "shall be paid through the

---

1. Hon. Samuel L. Bufford, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the

Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated prior to the effective date (October 17, 1995) of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, Apr. 20, 2005, 119 Stat. 23.

plan *unless otherwise ordered.*" Guidelines at Paragraph 5 (emphasis added). "*Absent court authorization,* the attorney may not receive fees directly from the debtor . . . ." *Id.* (emphasis added). Therefore, direct payment of fees by a debtor is acceptable under the Guidelines if the court approves it.

On March 23, 2005, appellee Lawrence Loheit ("Trustee"), chapter 13 trustee in Debtor's case, filed a final report and account indicating that Attorney had been paid $1,450 through the chapter 13 plan. On April 28, 2005, Attorney filed an application for additional compensation for post-confirmation services in the amount of $1,116.64 (the "Application"). Attorney requested that these additional fees be paid through the chapter 13 plan "to the extent available" and "directly by Debtor to the extent not available through the Chapter 13 plan." No one opposed the Application.[3]

On June 7, 2005, the bankruptcy court held a hearing on the Application, but continued the hearing so that Attorney could file further briefs. Attorney did so and the court held a further hearing on June 21, when it approved the Application. According to the civil minutes, the court authorized Attorney to collect the approved fees directly from Debtor prior to discharge,[4] but held that Attorney could not collect any unpaid amounts after entry of Debtor's discharge, citing *In re Hanson,* 223 B.R. 775 (Bankr.D.Or.1998).

On June 27, 2005, the bankruptcy court entered a Civil Minute Order stating "IT IS ORDERED that the [A]pplication is approved for a total of $1,116.64 in fees and costs and *may presently be collected directly from the debtor.*"[5] (Emphasis added.) Interestingly, even though the order does refer to the civil minutes, it does not specify that Debtor's liability for any unpaid fees would be discharged upon entry of the discharge. It simply allows the fees and permits collection "presently" from Debtor. Attorney filed a timely notice of appeal.

## II.

### ISSUE

Did the bankruptcy court err in concluding that approved attorneys' fees remaining unpaid as of the date of Debtor's discharge would be discharged?

## III.

### STANDARD OF REVIEW

 A bankruptcy court's findings of fact are reviewed for clear error, and con-

---

3. Debtor has taken no position either before us or at the bankruptcy court, even though our decision will obligate him to pay Attorney. We question Trustee's standing before us since he took no position on the Application. *Investors Thrift v. Lam (In re Lam),* 192 F.3d 1309, 1310–11 (9th Cir.1999). Nevertheless, we are obligated to decide the merits of Attorney's position whether or not there is opposition.

4. The bankruptcy court's docket reflects entry of an order discharging Debtor on October 11, 2005, even though Attorney and Trustee stated at oral argument that the discharge has not been entered. We believe that the docket and the discharge order linked to it are accurate.

5. Attorney appeals because the bankruptcy court mandated in its civil minutes that he could not collect fees directly from Debtor after entry of the discharge (which occurred on October 11, 2005). Unfortunately, the aspect of the court's decision about which Attorney complains is not in the order itself. Nonetheless, because the order is vague (not defining "presently") and because it refers to the civil minutes, we believe that the court intended to foreclose Attorney's ability to collect his fees post-discharge. Accordingly, we treat the order as incorporating the civil minutes, particularly in defining the term "presently." We therefore will review the error identified by Attorney.

clusions of law are subject to de novo review. *Devers v. Bank of Sheridan, Mont. (In re Devers)*, 759 F.2d 751, 753 (9th Cir.1985). To the extent that questions of fact cannot be separated from questions of law, we review these questions as mixed questions of law and fact, applying a de novo standard. *Ratanasen v. Cal. Dep't of Health Servs.*, 11 F.3d 1467, 1469 (9th Cir.1993).

## IV.

## DISCUSSION

■ Citing *Hanson*, the bankruptcy court held that upon entry of Debtor's discharge, the debtor's personal liability for any unpaid administrative expenses owed to Attorney would be discharged. In *Hanson*, the court held that "in Chapter 13, if a confirmed plan provides for the postconfirmation services of the debtor's counsel, the Chapter 13 discharge bars collection of the debt for those services." *Hanson*, 223 B.R. at 778.

The attorney in *Hanson* pursued collection of postconfirmation fees directly from his debtor clients even though he never sought approval of such fees from the court and even though the chapter 13 plan provided for payment of postconfirmation fees. *Hanson*, 223 B.R. at 777–79. The plans in question directed the chapter 13 trustee to pay administrative expenses. *Id.* at 778. As noted in *Hanson*, "[t]he reasoning in this opinion applies only to cases in which the plan provides for payment of postconfirmation fees." *Id.* at 778 n. 7.

Here, unlike in *Hanson*, the confirmed third modified plan specifically provided

that attorney fees remaining unpaid at the completion of plan payments would be paid directly by Debtor. Thus, while the third modified plan did "provide for payment of postconfirmation fees," it explicitly set forth a treatment different than that contained in *Hanson*. The reasoning of *Hanson* is thus inapplicable. Instead, the explicit and approved provision of the confirmed third modified plan governs. *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 193 F.3d 1083, 1086 (9th Cir. 1999) (when a chapter 13 plan is confirmed, it is binding on all parties, even if a provision is inconsistent with the Bankruptcy Code); 11 U.S.C. § 1329 (a chapter 13 plan as modified becomes the plan); 11 U.S.C. § 1327(a) (provisions of a confirmed plan are binding).

Section 1322(b)(10) allows a chapter 13 plan to "include any other appropriate provision not inconsistent with this title." 11 U.S.C. § 1322(b)(10). In this case, the pertinent provision of the confirmed third modified plan is consistent with both the Bankruptcy Code and the Guidelines. Section 1322(a) provides that a chapter 13 plan shall provide for the full payment of priority claims, including administrative expenses *"unless the holder of a particular claim agrees to a different treatment of such claim."* 11 U.S.C. § 1322(a)(2) (emphasis added). In addition, section 1326(c) recites that the trustee shall make payments to creditors under the plan "[e]xcept as otherwise provided in the plan." 11 U.S.C. § 1326(c). Here, Debtor and Attorney agreed to a treatment of Attorney's priority claim whereby Attorney waived his right to full payment under the plan as long as full payment was made directly by debtor after completion of the plan.[6] This

---

**6.** While a debtor may not provide for the payment of a priority or administrative claim outside the plan without the consent of the creditor (*Florida v. Randolph (In re Randolph)*, 273 B.R. 914, 918 (Bankr.M.D.Fla.

2002)), the creditor here (Attorney) drafted and filed the third modified plan, thus affirming his consent. Debtor demonstrated his consent by signing the Plan and by filing a

enabled Debtor to complete his plan payments without reducing or stretching out payments to other creditors. The Bankruptcy Code contemplates such arrangements, and the court confirmed a plan that explicitly provided such an arrangement.[7] In addition, the Guidelines permit direct payment by debtors of attorneys' fees if the court permits it. The bankruptcy court permitted such payment in this case by confirming the third modified plan.

## V.

## CONCLUSION

Because the confirmed plan explicitly provided that fees owed to Attorney could be paid directly by Debtor upon completion of plan payments, the bankruptcy court erred in holding that *Hanson* mandated discharge of unpaid fees. We therefore REVERSE.

declaration in support of the payment arrangement.

7. If, as the bankruptcy court's decision suggests, express provisions whereby priority claimants agree to be paid outside the plan constitute "treatment" which would discharge the debt upon completion of the plan, such creditors would have no incentive to waive priority treatment.